SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PHILIP F. ATKINS-PATTENSON, Cal. Bar No. 94901
CRAIG A. PINEDO, Cal. Bar No. 191337
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4109
Telephone:    415-434-9100
Facsimile:    415-434-3947
Email: patkinspattenson@sheppardmullin.com
       cpinedo@sheppardmullin.com

HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.
James J. Proszek, *Pro Hac Vice Pending*
Kimberly R. Schutz, *Pro Hac Vice Pending*
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
Telephone:  (918) 594-0400
Facsimile:  (918) 594-0505

Attorneys for Plaintiff
MCI COMMUNICATIONS SERVICES, INC.,
d/b/a VERIZON BUSINESS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MCI COMMUNICATIONS SERVICES, INC., d/b/a VERIZON BUSINESS,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN CIVIL CONSTRUCTORS WEST COAST, INC. and CALTRANS,<br><br>Defendants. | Case No.  CV 08 3580 WHA<br><br>**COMPLAINT** |

Plaintiff, MCI Communications Services, Inc., d/b/a Verizon Business ("VzB"), for its Complaint against Defendants, American Civil Constructors West Coast, Inc. ("ACC") and Caltrans ("Caltrans"), alleges and states as follows:

## JURISDICTION

1. Plaintiff VzB is a Delaware corporation with its principal place of business in Richardson, Texas.

2. Upon information and belief, Defendant ACC is a California corporation with its principal place of business in Benicia, California.

3. Upon information and belief, Defendant Caltrans is an agency of the State of California.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00). This Court therefore has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

5. Venue is proper in this District under 28 U.S.C. § 1391(a), (c).

6. Pursuant to the California Government Code, VzB timely made a claim against Caltrans to the Victims Compensation and Government Claims Board ("VCGCB").

7. VzB's claim against Caltrans was denied by the VCGCB on February 29, 2008.

8. As provided by the VCGCB in its denial of VzB's claim against Caltrans, VzB is entitled to pursue its claims against Caltrans in this Court.

## INTRADISTRICT ASSIGNMENT

9. The acts and/or omissions giving rise to this action occurred in or near Oakland, California.

## GENERAL FACTUAL BACKGROUND

10. VzB is a telecommunications company that provides telecommunication services to individual and commercial users. VzB's telecommunication services are provided through, among other means, a nationwide network of fiber-optic cable, which is buried underground.

11. By agreement with Union Pacific Railroad ("UPRR"), VzB possesses the right to install and operate and maintain a fiber-optic cable system on certain property of UPRR. By virtue of this agreement, VzB is entitled to undisturbed possession of that right. In accordance with this agreement, VzB installed a fiber-optic cable (the "Cable") on UPRR's property in or near Oakland, California.

## FIRST CLAIM FOR RELIEF
### (Trespass)

12. VzB adopts and incorporates by reference all allegations contained in paragraphs 1 through 11 above.

13. Upon information and belief, on March 7, 2007, ACC was excavating with mechanized equipment on UPRR's property in or near Oakland, California.

14. Upon information and belief, on March 7, 2007, without VzB's knowledge or consent, and against VzB's will, ACC severed the Cable while excavating with mechanized equipment in the area described in paragraphs 11 and 13 above. At the point where ACC severed the Cable, it was located completely within UPRR's property pursuant to VzB's agreement with UPRR.

15. Upon information and belief, ACC severed the Cable at the direction or guidance of Caltrans.

16. As a result of ACC's and/or Caltrans' actions, VzB has sustained disturbance to its right of use or servitude, and damage to and loss of use of the Cable which have resulted in actual damages to VzB in excess of $75,000.00.

17. ACC's actions were intentional, grossly negligent and/or reckless and exhibited a willful and wanton disregard of VzB's rights and a conscious indifference to the consequences.

WHEREFORE, VzB prays this Court grant judgment in its favor over and against ACC and/or Caltrans on VzB's First Claim for Relief, awarding VzB actual damages in excess of $75,000.00; punitive damages in amount deemed sufficient to punish ACC for its actions; interest thereon as allowed by law; all costs of this action; and such other and further relief as this Court may deem just and proper.

## SECOND CLAIM FOR RELIEF
### (Negligence)

18. VzB adopts and incorporates by reference all allegations contained in paragraphs 1 through 17 above.

HALL, ESTILL,
HARDWICK, GABLE,
GOLDEN & NELSON,
P.C.

W02-WEST:5CP\400951646.1                    - 3 -                                    COMPLAINT

19. Upon information and belief, ACC and/or Caltrans were negligent by, among other things:

    a. Failing to take adequate measures to ensure the Cable would not be damaged during their work;

    b. Failing to adequately train their employees on the use of excavation equipment and/or the precautionary measures related to excavation activities in and around buried fiber-optic cable;

    c. Failing to adequately supervise their employees and ensure that they used due care in and employed the proper precautionary measures related to excavation activities in and around buried fiber-optic cable; and/or

    d. Failing to use due care when using mechanized excavation equipment in and around buried fiber-optic cables.

20. As a result of ACC's and/or Caltrans' actions and/or omissions, VzB has sustained damage to and loss of use of the Cable which have resulted in actual damages in excess of $75,000.00 to VzB.

21. ACC's actions were intentional, grossly negligent and/or reckless, and exhibited a wanton disregard of VzB's rights and a conscious indifference to the consequences.

WHEREFORE, VzB prays this Court grant judgment in its favor over and against ACC and/or Caltrans on VzB's Second Claim for Relief, awarding VzB actual damages in excess of $75,000.00; punitive damages in an amount deemed sufficient to punish ACC for its actions; interest thereon as allowed by law; all costs of this action; and such other and further relief as this Court may deem just and proper.

### THIRD CLAIM FOR RELIEF
**(Statutory Liability - California Public Utility Code - Injury to Public Property)**

22. VzB adopts and incorporates by reference all allegations contained in paragraphs 1 through 21 above.

1  23. Upon information and belief, the injury to or destruction of the Cable on March 7, 2007, resulted from ACC's and/or Caltrans' want of proper care preceding and during its excavation in the vicinity of VzB's buried Cable.

24. Pursuant to Cal. Pub. Util. Code Section 7952, ACC is liable for all damages VzB has sustained by reason of the injury or destruction of the Cable which resulted from ACC's and/or Caltrans' want of proper care.

WHEREFORE, VzB prays this Court grant judgment in its favor over and against ACC and/or Caltrans on VzB's Third Claim for Relief, awarding VzB actual damages in excess of $75,000.00; interest thereon as allowed by law; all costs of this action; and such other and further relief as this Court may deem just and proper.

**FOURTH CLAIM FOR RELIEF (AGAINST ACC)**
**(Statutory Liability - California Public Utility Code -**
**Treble Damages)**

25. VzB adopts and incorporates by reference all allegations contained in paragraphs 1 through 24 above.

26. Upon information and belief, ACC willfully and maliciously and with conscious disregard of the consequences, damaged the Cable during its excavation activities on March 7, 2007.

27. Pursuant to Cal. Pub. Util. Code Section 7951, ACC is liable to VzB for three times the amount of actual damages VzB has sustained as a result of ACC's March 7, 2007 severance of the Cable.

WHEREFORE, VzB prays this Court grant judgment in its favor over and against ACC on VzB's Fourth Claim for Relief, awarding VzB treble damages in excess of $75,000.00; punitive damages in an amount deemed sufficient to punish ACC for its actions; interest thereon as allowed by law; all costs of this action; and such other and further relief as this Court may deem just and proper.

1  Dated: July 24, 2008

2                       SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                      By      /s/ Craig Pinedo
                             CRAIG A. PINEDO

                          Attorneys for Plaintiff MCI
                COMMUNICATIONS SERVICES, INC., d/b/a
                          VERIZON BUSINESS