BRUCE A. BEHRENS, Chief Counsel
DAVID GOSSAGE, Deputy Chief Counsel
KARL H. SCHMIDT, Assistant Chief Counsel
LANDA S. MORRIS, Bar No.125121
SAMMY OBAID, Bar No. 250128
California Department of Transportation
595 Market Street, Suite 1700, San Francisco, CA 94105
Mail: P.O. Box 7444, San Francisco, CA 94120-7444
Telephone: (415) 904-5700, Facsimile: (415) 904-2333

Attorneys for Defendant State of California
acting by and through the Department of Transportation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCI COMMUNICATIONS SERVICES, INC., d/b/a VERIZON BUSINESS,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN CIVIL CONSTRUCTORS WEST COAST, INC., and CALTRANS,<br><br>    Defendants. | **Case No. CV 08 3580 WHA**<br><br>**DEFENDANT STATE OF CALIFORNIA'S NOTICE OF MOTION AND MOTION TO DISMISS [FRCP RULES 12(b)(1), 12(b)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hearing Date**:** October 2, 2008<br>Hearing Time: 8:00 a.m.<br>Courtroom: 9, 19th floor<br>Judge: Hon. William H. Alsup |

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on OCTOBER 2, 2008, at 8:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 9 of the above-entitled Court, 450 Golden Gate Avenue, 19th Floor in San Francisco, California, Defendant State of California, Department of Transportation, sued as "Caltrans," (State) will move the court to dismiss the case against it pursuant to Federal Rules of Civil Procedure Rules 12(b)(1) or 12(b)(6).

The State brings this motion on the ground that the Eleventh Amendment bars plaintiff from asserting state law claims against the State in federal court. Plaintiff's complaint against the State should therefore be dismissed.

1

CV 08 3580 WHA    DEFENDANT STATE OF CALIFORNIA'S NOTICE OF MOTION AND MOTION TO DISMISS [FRCP RULES 12(b)(1), 12(b)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

The motion is based upon this Notice, the supporting Memorandum of Points and Authorities, the Court's files, and upon such evidence and oral argument as may be presented at the hearing on this motion.

DATED: August 11, 2008

        BRUCE A. BEHRENS
        DAVID GOSSAGE
        KARL H. SCHMIDT
        LANDA S. MORRIS
        SAMMY OBAID

By: _____/S/_____
    SAMMY OBAID
    Attorneys for STATE OF CALIFORNIA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**STATEMENT OF THE ISSUE**

Does the Eleventh Amendment prohibit federal court from adjudicating plaintiff's state law claims against the State of California, a non-consenting defendant?

**STATEMENT OF FACTS**

Plaintiff MCI Communication Services, Inc., d/b/a Verizon Business, (MCI) alleges that co-defendant American Civil Constructors West Coast, Inc. was excavating in Oakland, California, when it cut one of MCI's fiber-optic cables. Complaint ¶ 14. ACC was allegedly excavating under the direction of the State of California, Department of Transportation (State). Complaint ¶ 15.

Plaintiff asserts three claims against the State: common law trespass, common law negligence, and statutory negligent injury to property under the California Public Utility Code.

# ARGUMENT

## A. Legal Standard

Defendant State seeks dismissal of plaintiff's case against it pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure based on the Eleventh Amendment, which deprives the federal courts of jurisdiction to adjudicate claims against a sovereign state for violations of state law. Because the prohibition against such suits under the Eleventh Amendment has been viewed as both a jurisdictional limitation and an immunity for states, see, *Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc.*, 810 F.2d 869, 873 n.2 (9th Cir. 1987) (describing the Eleventh Amendment as having aspects of both a jurisdictional limitation and an immunity), the motion is alternatively brought under Rule 12(b)(6) for failing to state a claim upon which relief can be granted. Under either Rule, dismissal is mandatory as the Eleventh Amendment bars adjudication of state law claims against a state in federal court.

## B. The Eleventh Amendment Bars All Plaintiffs' Claims Against the State

The Eleventh Amendment to the U.S. Constitution provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "The States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today." *Alden v. Maine*, 527 U.S. 706, 713 (1999). The Eleventh Amendment acts as a limit on federal jurisdiction because, "federal jurisdiction over suits against unconsenting States was not contemplated by the Constitution when establishing the judicial power of the United States." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). The Eleventh Amendment applies to state agencies and departments of the state, such as the Department of Transportation, as well as the State itself. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993), *see also NRDC v. California DOT*, 96 F.3d 420, 421 (9th Cir. 1996) (claims against the Department of Transportation are barred by the Eleventh Amendment). State law claims brought in federal court against the State are subject to dismissal. *Rohnert Park Citizens to Enforce CEQA v. Cal. Dep't of Transp.*, No. C07-4607-TEH, 2008 U.S. Dist. LEXIS 41004 (N.D. Cal. May 21, 2008).

3

CV 08 3580 WHA    DEFENDANT STATE OF CALIFORNIA'S NOTICE OF MOTION AND MOTION TO DISMISS [FRCP RULES 12(b)(1), 12(b)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  Plaintiff's complaint must be dismissed under the Eleventh Amendment. The complaint specifically names "Caltrans," an agency of the State, as a defendant. The complaint was brought in federal court with claims against the State for common law trespass, negligence, and statutory negligent injury to property, all of which are action based on California law. The State has not consented to the jurisdiction of federal court, nor has plaintiff asserted that it has consented. Therefore, the State is immune from this suit in federal court under the Eleventh Amendment, and the action must be dismissed as against the State.

## **CONCLUSION**

The Eleventh Amendment bar the Court from exercising jurisdiction over the State in this case. The State, therefore, respectfully requests that all claims against it in this case be dismissed.

DATED: August 11, 2008

                BRUCE A. BEHRENS
                DAVID GOSSAGE
                KARL H. SCHMIDT
                LANDA S. MORRIS
                SAMMY OBAID

By: _____/S/_____
     SAMMY OBAID
     Attorneys for STATE OF CALIFORNIA

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
595 Market Street, Suite 1700, San Francisco, California 94105
Mail: P.O. Box 7444, San Francisco, California 94120-7444
Telephone: (415) 904-5700, Facsimile: (415) 904-2333

1  BRUCE A. BEHRENS, Chief Counsel
   DAVID GOSSAGE, Deputy Chief Counsel
2  KARL H. SCHMIDT, Assistant Chief Counsel
   LANDA S. MORRIS, Bar No.125121
3  SAMMY OBAID, Bar No. 250128
   California Department of Transportation
4  595 Market Street, Suite 1700, San Francisco, CA  94105
   Mail:  P.O. Box 7444, San Francisco, CA  94120-7444
5  Telephone:  (415) 904-5700, Facsimile:  (415) 904-2333

6  Attorneys for Defendant State of California
   acting by and through the Department of Transportation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCI COMMUNICATIONS SERVICES, INC., d/b/a VERIZON BUSINESS,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN CIVIL CONSTRUCTORS WEST COAST, INC., and CALTRANS,<br><br>    Defendants. | **Case No. CV 08 3580 WHA**<br><br>**[PROPOSED]**<br>**ORDER GRANTING DEFENDANT**<br>**STATE OF CALIFORNIA'S**<br>**MOTION TO DISMISS**<br>**[FRCP RULE 12(b)(1), 12(b)6]** |

The motion by Defendant California Department of Transportation (State) to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b) came on for hearing before this Court. After consideration of briefs and arguments of counsel, and all other matters present to the court, IT IS HEREBY ORDERED that defendant's motion to dismiss is GRANTED.

**INTRODUCTION AND BACKGROUND**

Plaintiff MCI Communication Services, Inc., d/b/a Verizon Business, (MCI) alleges that co-defendant American Civil Constructors West Coast, Inc. was excavating in Oakland, California, when it cut one of MCI's fiber-optic cables. Complaint ¶ 14. ACC was allegedly excavating under the direction of the State. Complaint ¶ 15.

Plaintiff asserts three claims against the State: common law trespass, common law negligence, and statutory negligent injury to property under the California Public Utility Code. The State moves to dismiss

the case against it under the Eleventh Amendment, which bars this court from jurisdiction over non-consenting states.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move to dismiss a case where the court lacks subject matter jurisdiction. "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Where, as here, it is facial, the court looks at the face of the complaint to determine whether it has jurisdiction. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Under Federal Rule of Civil Procedure 12(b)(6), a defendant moves to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

It is well settled law that the Eleventh Amendment prohibits suits against non-consenting states by its own citizens in federal court. U.S. Const., Amend XI; *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984). Furthermore, where claims against a state arise from state law, the Eleventh Amendment prohibits federal courts from exercising jurisdiction. *Id*. at 121. The California Department of Transportation is an arm of the State and is entitled to protection under the Eleventh Amendment. *NRDC v. California DOT*, 96 F.3d 420, 421-22 (9th Cir. 1996). Here, plaintiff has alleged claims based on state law against the State. As a result this court is barred by the Eleventh Amendment from exercising jurisdiction.

## CONCLUSION

The State's motion to dismiss is GRANTED. Plaintiff's first, second, and third claims for relief against the State of California, Department of Transportation are DISMISSED with prejudice.

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE WILLIAM H. ALSUP
UNITED STATES DISTRICT COURT JUDGE

1  Case Name: *MCI Communications Services, Inc., vs. American Civil Constructions, Inc., et al.*
   Case No.:  **United States District Court Northern District No. CV 08-3580 WHA**

2

3                        PROOF OF SERVICE
            (Code Civ. Proc., §§ 1012, 1013a, 2015.5; Fed. Rules Civ. Proc., rule 5(b).)

4

5       I, the undersigned, say: I am, and was at all times herein mentioned, employed in the
City and County of San Francisco, over the age of 18 years and not a party to the within action or
proceedings; that my business address is 595 Market Street, Suite 1700, P.O. Box 7444, San
Francisco, California 94120-7444; that on the date set forth below, I served the within **DEFENDANT
STATE OF CALIFORNIA'S NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** on all parties in said action
by:

X     MAIL) by placing a true copy thereof enclosed in a sealed envelope for each person(s) named below, addressed as set forth immediately below the respective name(s), with postage thereon fully prepaid as first-class mail. I deposited the same in a mailing facility regularly maintained by the United States Post Office for the mailing of letter(s) at my above-stated place of business.

___   (**PERSONAL SERVICE**) by placing a true copy thereof enclosed in a sealed envelope, for each person(s) named below, and caused such envelope to be delivered by hand to the address(es) as set forth immediately below the respective name(s) pursuant to this Proof of Service.

___   (**FACSIMILE TRANSMITTAL**) by faxing a true copy thereof as indicating by the address(es), and facsimile telephone number(s) for each person(s) named below as set forth immediately below the respective name(s) pursuant to this Proof of Service.

___   (**UNITED PARCEL EXPRESS**) by placing a true copy thereof enclosed in a sealed envelope and deposited on the date set forth below, in a United Express pickup facility regularly maintained by United Express for the delivering of letters and packages located at my above-stated place of business.

HALL, ESTILL, HARDWICK, GABLE,            American Civil Constructors West
GOLDEN & NELSON, P. C.                    Coast, Inc.
James J. Proszek                          c/o CT Corporation Systems
Kimberly R. Schutz                        818 West Seventh Street
320 South Boston Avenue, Ste. 200         Los Angeles, CA  90017
Tulsa, OK  74103-3706
Tel: (918) 594-0400
Fax: (918) 594-0505
*Attorneys for Plaintiff*
*MCI Communications Services, Inc.*
*dba Verizon Business*

I declare under penalty of perjury that the foregoing is true and correct.
EXECUTED on August 11, 2008, at San Francisco, California.

                                          *[signature]*
                                          ELVIRA B. SALES, Declarant

                                1

                        PROOF OF SERVICE

1  Case Name: *MCI Communications Services, Inc., vs. American Civil Constructions, Inc., et al.*
   Case No.:  **United States District Court Northern District No. CV 08-3580 WHA**

PROOF OF SERVICE
(Code Civ. Proc., §§ 1012, 1013a, 2015.5; Fed. Rules Civ. Proc., rule 5(b).)

I, the undersigned, say: I am, and was at all times herein mentioned, employed in the City and County of San Francisco, over the age of 18 years and not a party to the within action or proceedings; that my business address is 595 Market Street, Suite 1700, P.O. Box 7444, San Francisco, California 94120-7444; that on the date set forth below, I served the within **[PROPOSED] ORDER GRANTING DEFENDANT STATE OF CALIFORNIA'S MOTION TO DISMISS [FRCP RULE 12(b)(1), 12)b)6]** on all parties in said action by:

X   MAIL) by placing a true copy thereof enclosed in a sealed envelope for each person(s) named below, addressed as set forth immediately below the respective name(s), with postage thereon fully prepaid as first-class mail. I deposited the same in a mailing facility regularly maintained by the United States Post Office for the mailing of letter(s) at my above-stated place of business.

___ (PERSONAL SERVICE) by placing a true copy thereof enclosed in a sealed envelope, for each person(s) named below, and caused such envelope to be delivered by hand to the address(es) as set forth immediately below the respective name(s) pursuant to this Proof of Service.

___ (FACSIMILE TRANSMITTAL) by faxing a true copy thereof as indicating by the address(es), and facsimile telephone number(s) for each person(s) named below as set forth immediately below the respective name(s) pursuant to this Proof of Service.

___ (UNITED PARCEL EXPRESS) by placing a true copy thereof enclosed in a sealed envelope and deposited on the date set forth below, in a United Express pickup facility regularly maintained by United Express for the delivering of letters and packages located at my above-stated place of business.

HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P. C.
James J. Proszek
Kimberly R. Schutz
320 South Boston Avenue, Ste. 200
Tulsa, OK 74103-3706
Tel: (918) 594-0400
Fax: (918) 594-0505
*Attorneys for Plaintiff*
*MCI Communications Services, Inc.*
*dba Verizon Business*

American Civil Constructors West Coast, Inc.
c/o CT Corporation Systems
818 West Seventh Street
Los Angeles, CA  90017

I declare under penalty of perjury that the foregoing is true and correct.
EXECUTED on August 11, 2008, at San Francisco, California.

*[signature]*
ELVIRA B. SALES, Declarant

1

PROOF OF SERVICE